UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT R. NOON III,

    Plaintiff,

v.                                                CASE NO. 8:25-cv-640-SDM-AEP

MAJOR SHAUN KLUCZNIK, *et al.*,

    Defendants.
_____/

**ORDER**

    Noon's complaint alleges that the defendants violated his civil rights when they denied him due process during a disciplinary proceeding while he was confined as a pre-trial detainee. An earlier order (Doc. 3) grants Noon leave to proceed *in forma pauperis*. The Prisoner Litigation Reform Act ("PLRA") requires dismissal of an *in forma pauperis* prisoner's action "if the allegation of poverty is untrue" or if the complaint "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e). Although entitled to a generous interpretation, *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), this *pro se* complaint lacks merit.

    Noon is a pre-trial detainee confined in the Hernando County Detention Center. Noon alleges (1) that during a search of the entire dorm officers found contraband in his cell, (2) that he and his cellmate were issued disciplinary reports for possessing the

contraband, and (3) that at his disciplinary hearing he was denied his due process rights both to a copy of the disciplinary report and to call witnesses on his behalf. Noon names as the defendants Corporal Risario (whom Noon alleges conducted the investigative portion of the disciplinary process), Sergeant Wisgarda (who allegedly conducted the disciplinary hearing), and Major Klucznik (who allegedly establishes policy for the detention center). Noon was found guilty of the disciplinary infraction, but he fails to specify what punishment was imposed. Nevertheless, Noon requests the removal of the disciplinary action from his record, damages (nominal, compensatory, and punitive), and for the defendants "to take a course in proper constitutional due process." (Doc. 1 at 10)

Noon contends that the defendants violated his due process rights during the disciplinary process (1) by denying him a copy of the disciplinary report both before and during the disciplinary hearing and (2) by denying him the opportunity to call witnesses to defend against the alleged disciplinary infraction. *Wolff v. McDonnell*, 418 U.S. 539, 563–67 (1974), establishes five requirements an inmate is due in a prison disciplinary proceeding if an inmate loses credit toward early release. First, the inmate must receive an adequate, written notice of the charges. Second, he must receive the written notice at least twenty-four hours before the hearing. Third, he must have an opportunity, in accord with safety and correctional goals, to call witnesses and present documentary evidence in his defense. Fourth, the fact-finder must preserve a record of both the

evidence and the reason for any disciplinary action.[1]  Fifth, if circumstances warrant, an inmate should receive the help of another inmate or a staff member.  Noon's allegation that he was denied procedural due process is erroneous because, as a pre-trial detainee, Noon could not lose credit toward a sentence and, as a consequence, the procedural due process protections established in *Wolff* are inapplicable.

As shown above, Noon fails to state a claim for relief.  Amendment of the action would prove futile because Noon can state no valid Section 1983 claim for relief.  *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile.").

The complaint is **DISMISSED** under 28 U.S.C. § 1915(e) for failing to state a claim upon which relief can be granted.  The clerk must enter a judgment of dismissal against Noon and **CLOSE** this case.

ORDERED in Tampa, Florida, on April 21, 2025.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[1] *Superintendent v. Hill*, 472 U.S. 445, 454 (1985), requires that this written record show that the disciplinary committee's findings were based on "some evidence."